**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

CHARLES E. ANDERSON, Trustee, on behalf of the PAINTERS' DISTRICT COUNCIL NO. 30 PENSION FUND, PAINTERS' DISTRICT COUNCIL NO. 30 HEALTH AND WELFARE FUND, and NORTHERN ILLINOIS PAINTERS, DECORATORS AND DRYWALL FINISHERS JOINT APPRENTICESHIP AND TRAINING FUND; DONALD STEADMAN, Trustee, on behalf of the NORTHERN ILLINOIS PAINTING AND DRYWALL INSTITUTE; and the DISTRICT COUNCIL NO. 30 OF THE INTERNATIONAL UNION OF PAINTERS AND ALLIED TRADES, AFL-CIO, a labor organization,

Plaintiffs,

v.

IDEAL DECORATING CO. and ROCK& ROLL DRYWALL COMPANY, INC.,

Defendants.

FILED: SEPTEMBER 23, 2008
08CV5445
JUDGE GETTLEMAN
MAGISTRATE JUDGE BROWN
AO

**COMPLAINT**

This is an action pursuant to Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185, as amended, and Section 502(a)(3) of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132(a)(3), to compel an audit and collect delinquent employee benefit fund contributions, union dues, and assessments disclosed by the audit.

**JURISDICTION**

1. This Court has subject matter jurisdiction pursuant to 29 U.S.C. §§ 185(c) and 1132(e)(1).

## VENUE

2. Venue in this Court is conferred by 29 U.S.C. §§ 185(a) and 1132(e)(2), because the Funds are administered in this judicial district, and the Union, Ideal Decorating Co. and Rock & Roll Drywall Company, Inc. transact business in this judicial district.

## PARTIES

3. The Painters' District Council No. 30 Pension Fund; the Painters' District Council No. 30 Health and Welfare Fund; the Northern Illinois Painters, Decorators and Drywall Finishers Joint Apprenticeship and Training Funds; and the Northern Illinois Painting and Drywall Institute (collectively referred to as the "Funds") are employee benefit trusts and/or plans within the meaning of ERISA Section 3(3), 29 U.S.C. § 1002(3).

4. Plaintiff Charles E. Anderson is a fiduciary and trustee of the named Funds, with the exception of the Northern Illinois Painting and Drywall Institute. Plaintiff Donald Steadman is a fiduciary and trustee of the Northern Illinois Painting and Drywall Institute. ERISA Section 502(a)(3), 29 U.S.C. § 1132(a)(3), provides that a fiduciary of an employee benefit plan is authorized to commence a civil action to enforce the obligations that ERISA imposes upon employers.

5. Plaintiff Painters District Council No. 30 of the International Union of Painters and Allied Trades, AFL-CIO ("Union"), is a labor organization representing employees in an industry affecting commerce, as defined by LMRA Section 301(a), 29 U.S.C. § 185(b). The Union is entitled to collect dues and defense fund assessments owed to it, and contributions owed to the Painters and Allied Trades Labor Management

Cooperation Initiative ("P&AT LMCI") f/k/a the International Brotherhood of Painters and Allied Trades Labor Management Fund, on behalf of employees covered by one or more collective bargaining agreements.

6. Defendant Ideal Decorating Co. ("Ideal") is a corporation in good standing in the State of Illinois. Ideal has been engaged in an industry affecting commerce, as defined by Section 301(a) of the LMRA, 29 U.S.C. § 185(a), and is an "employer" as defined by Section 3(5) of ERISA, 29 U.S.C. § 1002(5).

7. Defendant Rock & Roll Drywall Company, Inc. ("Rock & Roll") is a corporation in good standing in the State of Illinois. Rock & Roll has been engaged in an industry affecting commerce, as defined by Section 301(a) of the LMRA, 29 U.S.C. § 185(a), and is an "employer" as defined by Section 3(5) of ERISA, 29 U.S.C. § 1002(5).

## FACTS

8. The Funds are third-party beneficiaries of collective bargaining agreements (CBAs) entered into between employers such as Ideal and the Union.

9. At all material times Ideal was a party to a series of CBAs with the Union.

10. The CBAs and Trust Agreements require participating employers to provide the Funds and Union with access to their books and records and those of their affiliated or related companies upon demand, so Plaintiffs can verify the accuracy and completeness of the hours worked by and gross wages paid to covered employees reported to the Funds and Union, and the corresponding contributions, dues, and assessments paid to the Funds and Union.

11. At all material times Rock & Roll has been affiliated with and/or related to Ideal . Ideal Decorating's President is Steven King; Rock & Roll's President is Deborah King, Steven King's wife. Upon further information and belief, the two defendants are engaged in the painting and drywall business, and both defendants interchange employees.

12. Participating employers are required to advise Plaintiffs monthly of the identity of the employees for whom contributions, dues, and assessments are owed, identify each hour or portion thereof worked by and gross wages paid to those employees, and remit the amounts owed to the Funds and Union for those employees.

13. ERISA § 515, 29 U.S.C. § 1145, requires employers bound to make employee benefit contributions to honor their contractual obligations.

14. Plaintiffs are in the process of attempting to audit the Defendants for the period April 1, 2001 through the present. Plaintiffs have made various requests to Ideal to submit to an audit to review its books and records and those of Rock & Roll in order to verify the accuracy of the defendants' records.

15. Defendants have refused to provide Plaintiffs with access to Rock & Roll's books and records.

16. The CBAs and the Trust Agreements require non-complying employers to pay all audit costs incurred by the Funds in performing the audit.

**WHEREFORE,** Plaintiffs request that the Court:

(A) Order Defendants to comply with the terms of the CBAs, the Funds' Trust Agreements, ERISA, and the LMRA, and directing Ideal and Rock & Roll to permit Plaintiffs' representative to conduct an audit of their books and records

and to provide Plaintiffs' representatives with the names, current addresses, social security numbers of their employees, hours worked by each employee, and the amounts paid to each employee, together with such any other such documentation as may be required by Plaintiffs' representatives to verify said information and any other information that is reasonably required by the Trustees in connection with the proper administrations of the Funds.

(B) Order Defendants to pay all audit costs incurred by the Funds in performing the audit and all attorney' fees and costs incurred by the Funds and the Union in connection with this case.

(C) If the audit reveals delinquencies, enter a judgment in Plaintiffs' favor and against Defendants, jointly and severally, for –

(i) all the delinquent contributions at the interim contribution rates that are owed for the audit period, plus union dues and defense fund assessments;

(ii) interest on the delinquent contributions;

(iii) an amount equal to the greater of the interest on the delinquent contributions or liquidated damages of twenty percent (20%) of the delinquent contributions at the interim contribution rates; and

(iv) attorneys' fees and costs, including audit costs, incurred by Plaintiffs in connection with this action.

(D) Retain jurisdiction of this cause pending compliance with its orders.

(E) Award such further or different relief as this Court may deem proper and just.

Respectfully submitted,

One of the Attorneys for Plaintiffs

Marisel A. Hernandez
Jacobs, Burns, Orlove, Stanton & Hernandez
122 South Michigan Avenue, Suite 1720
Chicago, IL 60603-6145
(312) 327-3447
mhernandez@jbosh.com